UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:19-CV-81337-ROSENBERG/REINHART

BILL GOSLING OUTSOURCING CORP.,

    Plaintiff,

v.

NATION MOTOR CLUB, LLC, *doing business as* NATION SAFE DRIVERS,

    Defendant.
_____/

## ORDER COMPELLING ARBITRATION AND STAYING CASE

**THIS CAUSE** comes before the Court on Defendant's Motion to Compel Arbitration. DE 14. The Court has carefully considered the Motion, Plaintiff's Response thereto [DE 15], Defendant's Reply [DE 18], and the record, and is otherwise fully advised in the premises.

Plaintiff concedes that the contract at issue in this action, the Master Services Agreement, contains a valid agreement to arbitrate. DE 15 at 1; *see* DE 1-1 at 23-24. Plaintiff argues, however, that Defendant waived its right to arbitration. A court determines whether a party has waived the right to arbitration by, first, deciding if under the totality of the circumstances the party has acted inconsistently with the arbitration right and, second, determining whether the party has prejudiced the opposing party in some way by doing so. *Garcia v. Wachovia Corp.*, 669 F.3d 1273, 1277 (11th Cir. 2012). A party acts inconsistently with the arbitration right by substantially participating in litigation to a point inconsistent with an intent to arbitrate. *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1316 (11th Cir. 2002); *see also Garcia*, 699 F.3d at 1277 ("A party acts inconsistently with the arbitration right when the party substantially invokes the litigation machinery prior to demanding arbitration." (quotation marks omitted)). A

court need not consider prejudice if it determines that the party seeking arbitration has not acted inconsistently with the arbitration right. *Ivax Corp.*, 286 F.3d at 1320.

Plaintiff maintains that Defendant was the party to first assert the right to arbitration after a dispute arose between the parties. DE 15 at 2, 4. But Plaintiff argues that Defendant subsequently waived its right to arbitration by demanding that arbitration occur in the incorrect location and by later becoming "wholly unresponsive" to Plaintiff's efforts to negotiate, requiring Plaintiff to file this lawsuit. *Id.* at 4-5. The record shows that communications between the parties had ceased for, at most, a period of approximately two and a half months before Plaintiff filed this lawsuit and that Defendant's first response to the Complaint was the instant Motion to Compel Arbitration. *See* DE 14; DE 14-1. This record does not demonstrate that Defendant substantially participated in litigation to a point inconsistent with an intent to arbitrate. *See Ivax Corp.*, 286 F.3d at 1316. Defendant did not waive its right to arbitration and, consequently, the parties must submit their dispute to arbitration.

Having determined that the parties must proceed to arbitration, the Court turns to their dispute over where the arbitration will occur. When parties to an arbitration agreement are unable to agree on the location for arbitration, a court may resolve the issue. *Direct Response Prods., Inc. v. Roderick*, No. 8:13-cv-2830, 2014 WL 12617910, *3 (M.D. Fla. Aug. 19, 2014).

According to the Master Services Agreement's arbitration provision, "if [Defendant] requests the arbitration, then the place of arbitration will be London, Ontario; if [Plaintiff] requests the arbitration, then the place of arbitration will be Boca Raton, Florida." DE 1-1 at 23. The parties dispute which one of them requested arbitration. Plaintiff contends that Defendant was the party to request arbitration. The correspondence that the parties have provided to the Court does, in fact, reflect that Defendant was the first party to raise the issue of proceeding to

arbitration. *See* DE 14-1 at 5 (email from Defendant to Plaintiff stating that Defendant "would like to use a panel of 3 arbitrators and conduct the arbitration in Florida").

Defendant contends that, before the exchange of that email, Plaintiff had sent Defendant a letter demanding payment, which Defendant "interpreted" as a "threat" that Plaintiff would proceed to arbitration if it did not receive payment because the Master Services Agreement requires disputes arising out of the Agreement be arbitrated if negotiations and mediation fail. DE 18 at 3; *see* DE 1-1 at 23. Defendant does not assert that Plaintiff's letter mentioned arbitration. Defendant's position—that the demand for payment constituted a request for arbitration because arbitration would be contractually required if the demand was not resolved through other methods—does not accord with the plain meaning of the word "requests." *See Slater v. Energy Servs. Grp. Int'l, Inc.*, 634 F.3d 1326, 1330 (11th Cir. 2011) ("Under general contract principles, the plain meaning of a contract's language governs its interpretation."); *Request*, The American Heritage Dictionary (5th ed. 2020) (defining the verb "request" as "[t]o express a desire for, especially politely; ask for" and "[t]o ask (a person) to do something"). Applying the plain meaning of the word "requests," the Court concludes that Defendant requested arbitration by sending the email stating that it "would like to use a panel of 3 arbitrators." *See* DE 14-1 at 5. Thus, under the Master Services Agreement, arbitration must take place in London, Ontario. DE 1-1 at 23.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Compel Arbitration [14] is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted in that the parties must **proceed with arbitration**. The Motion is denied insofar as Defendant asks for the arbitration to take place in Boca Raton, Florida. **Arbitration shall take place in London, Ontario**.

2. This case is **STAYED** pending arbitration. The Clerk of Court is directed to **CLOSE THIS CASE FOR STATISTICAL PURPOSES**. All hearings are **CANCELLED**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of January, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record